FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2012 MAR -9 P 4: 55

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| AOK GLOBAL PRODUCTS, LTD., a Delaware corporation<br><br>and<br><br>HENRY MEDINA<br><br>**Plaintiff,**<br><br>v.<br><br>FERNO-WASHINGTON, INC., An Ohio Corporation<br><br>**Defendants.** | Civil Action<br><br>Docket No. 1:12CV267<br><br>GBL/JFA |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff AOK GLOBAL PRODUCTS, LTD. ("AOK"), by and through its undersigned attorneys, hereby brings the following Complaint for injunctive relief and monetary damages against Defendant FERNO-WASHINGTON, INC. ("Ferno") and, in support thereof, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1

1. Plaintiff AOK is a Delaware corporation, with its principal place of business located at 41 Mercedes Way, Unit 14, Edgewood, NY 11717, engaged in the developing, manufacturing, and wholesale of medical equipment.

2. Plaintiff AOK is the owner of the "COLLAPSIBLE WHEELCHAIR" protected by United States Patent Number 5,388,048 (hereafter "Patent '048") issued on August 16, 1994 and the owner of the "COLLAPSIBLE CHAIR" protected by United States Patent Number 6,561,524B1 (hereafter "Patent '524") issued May 13, 2003.

3. Plaintiff Henry Medina was the former and original owner of Patents '048 and '524 and is a resident of the state of New York.

4. Defendant Ferno is an Ohio corporation having its headquarters at 70 Weil Way, Wilmington, OH 45177, engaged in, among other things, developing, manufacturing, and marketing various collapsible wheel chairs, stair chairs, and similar apparati.

5. This is a civil action for an injunction, damages, and attorneys' fees arising from Defendants' infringement of Plaintiff AOK's U.S. Patent No. 5,338,048A and 6,561,524B1 under 35 U.S.C. § 271, *et seq.*

6. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338 as it involves a substantial claim arising under the patent laws of the United States.

7. This Court also has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1) as this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendant Ferno because Ferno has established minimum contacts with the forum by purposely availing itself of the laws and

benefits of the forum, and the exercise of jurisdiction over Ferno would not offend traditional notions of fair play and substantial justice since Ferno regularly conducts business in the Commonwealth, across North America, and worldwide. On information and belief, Ferno has voluntarily conducted business in the Commonwealth and this judicial district by soliciting and selling, among other things, the "EZ Glide Stair Chair"; Defendant Ferno's soliciting the purchase of its "EZ Glide Stair Chair", and selling of that product, constitutes a tortious act within this Commonwealth and judicial district, including acts of patent infringement and inducing patent infringement within this Commonwealth and judicial district; and constitutes substantial and more than isolated activity within this Commonwealth and this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§1391 and/or 1400 because the Defendant is subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff AOK incorporates the allegations set forth in paragraphs 1-9, above, as through fully set forth herein.

11. On August 16, 1994, the United States Patent Office issued a patent to Henry Medina for a COLLAPSIBLE WHEELCHAIR, U.S. Patent No. 5,388,048 (the "048 Patent"). A true and correct copy of the '048 Patent is attached hereto as Exhibit "A".

12. Plaintiff AOK is the current owner of legal title to the '048 Patent through assignment which has been recorded with the United States Patent and Trademark Office as of June 5, 2006.

13. Plaintiff AOK has not licensed or assigned any rights under the '048 Patent to Defendant Ferno, including any agent representing any of these entities.

14. On May 13, 2003, the United States Patent Office issued a patent to Henry Medina for a COLLAPSIBLE CHAIR, U.S. Patent No. 6,561,524B1 (the "524 Patent"). A true and correct copy of the '524 Patent is attached hereto as Exhibit "B".

15. Plaintiff AOK is the current owner of legal title to the '524 Patent through assignment which has been recorded with the United States Patent and Trademark Office as of June 5, 2006.

16. Plaintiff AOK has not licensed or assigned any rights under the '524 Patent to Defendant Ferno, including any agent representing any of these entities.

17. Having received actual notice of the '048 and '524 Patents and its infringing activities, Defendant Ferno knowingly and willfully has continued to use and sell collapsible chairs as disclosed and claimed in the '048 and '524 Patents.

18. On information and belief Defendant Ferno has actively offered for sale its collapsible wheelchairs in this Eastern District of Virginia.

19. Thus, Plaintiff AOK is informed and believes, and based thereon alleges, that Defendant Ferno has made, sold, offered for sale, and induced the use of the EZ Glide Stair Chair and/or other similar chairs in use by Defendant Ferno and certain other entities situated in the Eastern District of Virginia.

20. All conditions precedent to the institution and maintenance of this action have occurred or have been performed.

## COUNT 1-PATENT INFRINGEMENT OF '048 PATENT

21. Plaintiff AOK incorporates the allegations set forth above, as through fully set forth herein.

22. Plaintiff AOK seeks to permanently enjoin said infringement pursuant to 35 U.S.C. §283.

23. Plaintiff AOK also seeks monetary damages for said infringement consisting of lost profits or reasonable royalties pursuant to 35 U.S.C. §284, said damages to be trebled, at a minimum against Defendant Ferno, because the infringement has been willful.

24. Finally, Plaintiff AOK seeks an award of attorneys fees and costs incurred in the prosecution of this action pursuant to 35 U.S.C. §285.

25. Plaintiff AOK incorporates the allegations set forth above as through fully set forth herein.

26. Plaintiff AOK holds all rights, title and interest in and to the '048 Patent, attached and incorporated herein as Exhibits "A".

27. Defendant Ferno has infringed upon Plaintiff AOK's '048 Patent in violation of 35 U.S.C. § 271 by making, using, offering for sale and/or the sale of products covered by the '048 Patent either directly or under the doctrine of equivalence without the authority and without license from Plaintiff AOK in this judicial district, thereby giving rise to specific jurisdiction over Defendant Ferno.

28. Defendant Ferno has also actively induced and/or contributed to the infringement of the '048 Patent in violation of 35 U.S.C. §271.

29. Defendant Ferno had knowledge of Plaintiff AOK's '048 Patent at least as early as July 2006 before committing acts of continuing infringement, as alleged above. Notwithstanding Defendant Ferno's knowledge that their colorable imitation was and is an infringing device of Plaintiff's Patents, Defendant Ferno solicited the sale of, sold and/or distributed these imitations in this judicial district.

30. Said acts of Defendant Ferno were done willfully, maliciously, intentionally and in bad faith, making this an exceptional case under 35 U.S.C. §284. Plaintiff is therefore entitled to and hereby requests enhanced (treble) damages and statutory penalties pursuant to 35 U.S.C. §284.

31. As a result of Defendant Ferno's infringing acts, Plaintiff AOK is entitled to damages adequate to compensate Plaintiff AOK for Defendant Ferno's infringement, but in no event less than lost profits, pursuant to 35 U.S.C. §284, as well as treble damages.

32. Defendant Ferno's acts of direct infringement have irreparably harmed and will continue to irreparably harm Plaintiff AOK's rights in the '048 Patent. Therefore, because it has no adequate remedy at law to prevent the continuing direct acts of infringement, Plaintiff AOK is entitled to injunctive relief pursuant to 35 U.S.C. §6283 to prevent the continuing violation of Plaintiff AOK's rights in the '048 Patent.

33. Plaintiff AOK has incurred, and will continue to incur attorneys' fees and costs arising from the acts of Defendant Ferno as alleged herein. Plaintiff AOK seeks the recovery of attorneys' fees and costs in this action.

### COUNT 2-PATENT INFRINGEMENT OF '524 PATENT

34. Plaintiff AOK incorporates the allegations set forth above, as through fully set forth herein.

35. Plaintiff AOK seeks to permanently enjoin said infringement pursuant to 35 U.S.C. §283.

36. Plaintiff AOK also seeks monetary damages for said infringement consisting of lost profits or reasonable royalties pursuant to 35 U.S.C. §284, said damages to be trebled, at a minimum against Defendant Ferno, because the infringement has been willful.

37. Finally, Plaintiff AOK seeks an award of attorneys fees and costs incurred in the prosecution of this action pursuant to 35 U.S.C. §285.

38. Plaintiff AOK incorporates the allegations set forth above as through fully set forth herein.

39. Plaintiff AOK holds all rights, title and interest in and to the '524 Patent, attached and incorporated herein as Exhibits "B".

40. Defendant Ferno has infringed upon Plaintiff AOK's 524 Patent in violation of 35 U.S.C. § 271 by making, using, offering for sale and/or the sale of products covered by the '524 Patent either directly or under the doctrine of equivalence without the authority and without license from Plaintiff AOK in this judicial district, thereby giving rise to specific jurisdiction over Defendant Ferno.

41. Defendant Ferno has also actively induced and/or contributed to the infringement of the '524 Patent in violation of 35 U.S.C. §271.

42. Defendant Ferno had knowledge of Plaintiff AOK's '524 Patent at least as early as July 2006 before committing acts of continuing infringement, as alleged above. Notwithstanding Defendant Ferno's knowledge that their colorable imitation was and is an infringing device of Plaintiff's Patents, Defendant Ferno solicited the sale of, sold and/or distributed these imitations in this judicial district.

43. Said acts of Defendant Ferno were done willfully, maliciously, intentionally and in bad faith, making this an exceptional case under 35 U.S.C. §284. Plaintiff is therefore entitled to

and hereby requests enhanced (treble) damages and statutory penalties pursuant to 35 U.S.C. §284.

44. As a result of Defendant Ferno's infringing acts, Plaintiff AOK is entitled to damages adequate to compensate Plaintiff AOK for Defendant Ferno's infringement, but in no event less than lost profits, pursuant to 35 U.S.C. §284, as well as treble damages.

45. Defendant Ferno's acts of direct infringement have irreparably harmed and will continue to irreparably harm Plaintiff AOK's rights in the '524 Patent. Therefore, because it has no adequate remedy at law to prevent the continuing direct acts of infringement, Plaintiff AOK is entitled to injunctive relief pursuant to 35 U.S.C. §6283 to prevent the continuing violation of Plaintiff AOK's rights in the '524 Patent.

46. Plaintiff AOK has incurred, and will continue to incur attorneys' fees and costs arising from the acts of Defendant Ferno as alleged herein. Plaintiff AOK seeks the recovery of attorneys' fees and costs as the prevailing party in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff AOK Global Products, Ltd. prays for the following relief against Defendant Ferno-Washington, Inc.:

1. The entry of judgment in favor of Plaintiff AOK Global Products, Ltd.;
2. An award of damages in an amount to be determined at trial adequate to compensate Plaintiff AOK Global Products, Ltd. and Henry Medina for the infringement that has occurred regarding Counts 1 and 2, together with prejudgment interest from the date the infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. §284;

3. A finding that the Defendant's infringement of Patents alleged in Counts 1 and 2 has been willful and an award of increased damages as provided by 35 U.S.C. §284;

4. A finding that the Defendant's infringement of Patents alleged in Counts 1 and 2 has been willful and an award of attorney's fees pursuant to 35 U.S.C. §285;

5. A preliminary and permanent injunction prohibiting the Defendant from further infringement, inducement and/or contributory infringement of the patents; and,

6. For interest at the maximum legal rate on all damages from the date first incurred until paid, if applicable;

7. Such other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues so triable.

DATED this 9 day of March, 2012.

Respectfully Submitted,

/s/ _____

James A. Allen (VSB #35798)
Susan M. Simpson (VSB #79063)
GENERAL COUNSEL P.C.
6862 Elm Street, Suite 800
McLean, VA 22101
(703) 226-1868 (voice)
(703) 556-6540 (facsimile)
E-Mail:
jallen@generalcounsellaw.com
ssimpson@generalcounsellaw.com

Attorneys for Plaintiff