IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| AOK GLOBAL PRODUCTS, LTD., et al.<br><br>Plaintiffs,<br><br>v.<br><br>FERNO-WASHINGTON, INC.,<br><br>Defendant. | Civil Action No. 1-12-CV-267 (GBL/JFA)<br><br>**ANSWER OF DEFENDANT FERNO-WASHINGTON, INC.** |

For its Answer to the Complaint for Injunctive Relief and Damages ("Complaint") filed by Plaintiffs AOK Global Products, Ltd. and Henry Medina (collectively "Plaintiffs"), Defendant Ferno-Washington, Inc. ("Ferno") states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Ferno is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore, denies them.

2. In response to Paragraph 2 of the Complaint, Ferno admits that on August 16, 1994, the U.S. Patent Office issued Patent No. 5,338,048, entitled "COLLAPSIBLE WHEELCHAIR." Ferno also admits that on May 13, 2003, the U.S. Patent Office issued Patent No. 6,561,524B1, entitled "COLLAPSIBLE CHAIR." Both patents speak for themselves. Ferno is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore, denies them.

3. In response to Paragraph 3 of the Complaint, Ferno admits that Patent No. 5,338,048, entitled "COLLAPSIBLE WHEELCHAIR," and Patent No. 6,561,524B1,

entitled "COLLAPSIBLE CHAIR," each name "Henry Medina" as the inventor. Ferno is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and therefore, denies them.

4. In response to Paragraph 4 of the Complaint, Ferno admits that it is an Ohio corporation having its headquarters at 70 Weil Way, Wilmington, Ohio 45177 and engaged in the developing, manufacturing, and marketing of stair chairs. Ferno denies the remaining allegations in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Ferno admits this is a civil action for an injunction, damages, and attorneys' fees. Ferno denies the remaining allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations in Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of the Complaint, Ferno admits that it has limited sales of the "EZ Glide® Stair Chair" in Virginia. Ferno denies the remaining allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations in Paragraph 9 of the Complaint.

## FACTS COMMON TO ALL COUNTS

10. In response to Paragraph 10 of the Complaint, Ferno incorporates by reference its previous responses to Paragraphs 1 through 9, as if fully set forth herein.

11. Ferno admits that on August 16, 1994, the U.S. Patent Office issued Patent No. 5,338,048, entitled "COLLAPSIBLE WHEELCHAIR," which speaks for itself, and that such patent names Henry Medina as the inventor. Ferno is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint, and therefore, denies them.

12. Ferno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore, denies them.

13. Ferno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore, denies them.

14. Ferno admits that on May 13, 2003, the U.S. Patent Office issued Patent No. 6,561,524B1, entitled "COLLAPSIBLE CHAIR," which speaks for itself, and that such patent names Henry Medina as the inventor. Ferno is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and therefore, denies them.

15. Ferno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore, denies them.

16. Ferno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore, denies them.

17. Ferno admits that AOK initially filed a complaint against Ferno for patent infringement involving the '048 and '524 patents on June 9, 2006, in the Middle District of

Florida. Ferno admits that it notified Plaintiff AOK via letter dated June 30, 2006, that its EZ Glide® Stair Chair did not infringe the claims of the '048 and '054 patents and that the claims of the patents were invalid. Ferno admits that after receiving Ferno's letter, AOK dismissed the Florida lawsuit on August 4, 2006, and maintained silence as to the '048 and '524 patents until filing this lawsuit and serving it on July 6, 2012, but Ferno denies the remaining allegations in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Ferno admits that it has limited sales of the EZ Glide® Stair Chair in Virginia. Ferno denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Ferno admits that it has limited sales of the EZ Glide® Stair Chair in Virginia. Ferno denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Ferno denies the allegations contained in Paragraph 20 of the Complaint.

## COUNT 1 - PATENT INFRINGEMENT OF '048 PATENT

21. In response to Paragraph 21 of the Complaint, Ferno incorporates by reference its previous responses to Paragraphs 1 through 20, as if fully set forth herein.

22. Paragraph 22 sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations contained in Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Ferno incorporates by reference its previous responses to Paragraphs 1 through 24 as if fully set forth herein.

26. Ferno lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore, denies them.

27. In response to Paragraph 27 of the Complaint, Ferno admits that it has limited sales of the EZ Glide® Stair Chair in Virginia. Ferno denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Ferno denies the allegations contained in Paragraph 28 of the Complaint.

29. Ferno admits that AOK initially filed a complaint against Ferno for patent infringement involving the '048 and '524 patents on June 9, 2006, in the Middle District of Florida. Ferno admits that it notified Plaintiff AOK via letter dated June 30, 2006, that its EZ Glide® Stair Chair did not infringe the claims of the '048 and '054 patents and that the claims of the patents were invalid. Ferno admits that after receiving Ferno's letter, AOK dismissed the Florida lawsuit on August 4, 2006, and maintained silence as to the '048 and '524 patents until filing this lawsuit and serving it on July 6, 2012, but Ferno denies the remaining allegations in Paragraph 29 of the Complaint.

30. Ferno denies the allegations contained in Paragraph 30 of the Complaint.

31. Ferno denies the allegations contained in Paragraph 31 of the Complaint.

32. Ferno denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations contained in Paragraph 33 of the Complaint.

## COUNT 2 -- PATENT INFRINGEMENT OF '524 PATENT

34. In response to Paragraph 34 of the Complaint, Ferno incorporates by reference its previous responses to Paragraphs 1 through 33, as if fully set forth herein.

35. Paragraph 35 sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations contained in Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of the Complaint, Ferno incorporates by reference its previous responses to Paragraphs 1 through 37 of the Complaint, as if fully set forth herein.

39. Ferno is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore, denies them.

40. Ferno denies the allegations contained in Paragraph 40 of the Complaint.

41. Ferno denies the allegations contained in Paragraph 41 of the Complaint.

42. Ferno admits that AOK initially filed a complaint against Ferno for patent infringement involving the '048 and '524 patents on June 9, 2006, in the Middle District of Florida. Ferno admits that it notified Plaintiff AOK via letter dated June 30, 2006, that its EZ Glide® Stair Chair did not infringe the claims of the '048 and '054 patents and that the claims of the patents were invalid. Ferno admits that after receiving Ferno's letter, AOK dismissed the Florida lawsuit on August 4, 2006, and maintained silence as to the '048 and '524 patents until filing this lawsuit and serving it on July 6, 2012, but Ferno denies the remaining allegations in Paragraph 42 of the Complaint.

43. Ferno denies the allegations contained in Paragraph 43 of the Complaint.

44. Ferno denies the allegations contained in Paragraph 44 of the Complaint.

45. Ferno denies the allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 sets forth conclusions of law to which no response is required. To the extent a response is required, Ferno denies the allegations contained in Paragraph 46 of the Complaint.

47. Ferno denies that Plaintiffs are entitled to the relief requested in the unnumbered "Prayer for Relief" and/or "WHEREFORE" paragraphs 1-7 which follow Paragraph 46 of the Complaint.

48. Ferno denies the allegations contained in the Complaint not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

49. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

50. Ferno has not infringed an enforceable patent.

## THIRD AFFIRMATIVE DEFENSE

51. The '048 Patent is unenforceable due to laches.

## FOURTH AFFIRMATIVE DEFENSE

52. The '048 Patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

53. The '524 Patent is unenforceable due to laches.

## SIXTH AFFIRMATIVE DEFENSE

54. The '524 Patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103 and/or 112.

## SEVENTH AFFIRMATIVE DEFENSE

55. Some or all of the claims set forth in the Complaint are barred under the doctrine of laches and/or equitable estoppel. AOK initially filed a complaint against Ferno for patent infringement involving the '048 and '524 patents on June 9, 2006, in the Middle District of Florida. Ferno notified Plaintiff AOK via letter dated June 30, 2006, that its EZ Glide® Stair Chair did not infringe the claims of the '048 and '524 patents and that the claims of the patents were invalid. After receiving Ferno's letter, AOK dismissed the Florida lawsuit on August 4, 2006, and maintained silence as to the '048 and '524 patents for over 6 years while Ferno continued to market the EZ Glide® Stair Chair without objection during this time. Indeed, Plaintiffs did not serve Ferno with this lawsuit until July 6, 2012. Based on AOK's intentionally misleading silence, Plaintiffs should be estopped from maintaining this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiffs' claims, if any, are barred, in whole or in part, by the statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims, if any, are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

58. Ferno does not knowingly or voluntarily waive any applicable affirmative defenses and reserves the right to move for leave to amend its pleadings to assert and rely upon such other applicable affirmative defenses as may become available or apparent during discovery and investigation.

WHEREFORE, Defendant Ferno denies that the Plaintiffs are entitled to the relief sought or any relief whatsoever and asks that the Plaintiffs' Complaint be dismissed with appropriate costs and attorneys fees taxed as provided by law.

Respectfully submitted,


/s/ Brian P. O'Shaughnessy
Brian P. O'Shaughnessy (Va. Bar No. 43,356)
BUCHANAN, INGERSOLL & ROONEY, PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
Telephone: (703) 836-6620
Facsimile: (703) 836-2021
E-mail: brian.oshaughnessy@bipc.com

John D. Luken *(pro hac vice)*
Joshua A. Lorentz *(pro hac vice)*
Douglas J. Feichtner *(pro hac vice)*
DINSMORE & SHOHL, LLP
255 E. Fifth St., Ste. 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
E-mail: john.luken@dinsmore.com
E-mail: joshua.lorentz@dinsmore.com
E-mail: doug.feichtner@dinsmore.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all counsel of record, by the Court's electronic filing system, this 17th day of August, 2012.

/s/ Brian P. O'Shaughnessy

2204772v1